UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                               Case No. 2:09-cr-20303

MICHAEL KELLER,                                              HONORABLE STEPHEN J. MURPHY, III

    Defendant.

                                          /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
DISQUALIFY ASSISTANT UNITED STATES ATTORNEY** (docket no. 26)

    Michael Keller is charged in a twenty-six count indictment with murder for hire, felon in possession of a firearm and explosive, unlawful dealing in firearms and explosives, violent felon in possession of body armor, possession of a firearm with an obliterated serial number, and various drug possession charges.

    Keller moves to disqualify the Assistant United States Attorney assigned to the case, Leonid Feller. He argues that his defense to the murder or hire charge will require him to call Feller to testify at the trial. Keller argues that without the ability to call him, Keller will be denied his constitutional right to present a defense. Feller's testimony is apparently necessary for Keller's defense that he was induced by law enforcement to commit murder for hire. Feller's role in the entrapment is he designed the sting to entrap Keller. Because of his role as "Architect" of the sting, Keller argues, Feller will be an essential witness for the defense. Additionally, Keller argues, Feller's questions, comments, and arguments at trial as government counsel will be tainted by his personal knowledge, or at least the perception that he has personal knowledge about the issues in this case, thereby unduly prejudicing the jury and depriving Keller of a fair trial.

The parties have extensively briefed the issue and Keller has presented an offer of proof as to the testimony it seeks to elicit from Feller at trial. The government has submitted a surreply to the offer of proof. A hearing was held on the motion at which the government was represented by Louis Gabel, Assistant United States Attorney, co-counsel assigned to the case. The Court has considered the arguments of both parties presented in the briefs at orally at the hearing, and the Court is ready to rule on the matter. The Court will deny Keller's motion to disqualify Feller from representing the government.

## DISCUSSION

It is a bedrock principle of legal professional conduct that a lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness. *See* Mich. R. of Prof'l Conduct 3.7(a), made applicable to Assistant United States Attorneys in Michigan by 28 U.S.C. § 530B. The purpose of the prohibition is to prevent problems arising from a lawyer's having to argue credibility and the effect of his or her own testimony, to prevent prejudice to the opposing party that might arise therefrom, and to prevent prejudice to the client if the lawyer is called as an adverse witness, but not to permit the opposing party to seek disqualification as a tactical device to gain an advantage. *See People v. Tesen*, 276 Mich. App. 134, 143 (2007). Attorneys are not necessary witnesses if the substance of their testimony can be elicited from other witnesses. *Id.* at 144.

Constitutional issues arise in criminal cases in which the Defendant has a constitutional right to present a defense. The Supreme Court stated in *Pennsylvania v. Ritchie,* "Our cases establish, at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt. 480 U.S. 39, 56 (1987); *cf. Washington v. Texas*, 388 U.S. 14, 19 (1967) ("Just as the accused

has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law."); *see also Chambers v. Mississippi*, 410 U.S. 248, 294 (1973).

The right of the defendant to call witnesses in his defense is not absolute, however, especially when the party seeks to call an attorney prosecuting the case. *Cf. United States v. Burge*, 990 F.2d 244, 248-49 (1992). The party seeking disqualification bears the burden of showing the attorney is a necessary witness. *Tesen,* 276 Mich. App. at 143. This is a high burden. Indeed, the disqualification of government counsel is a drastic measure, *Cope v. United States*, 272 Fed. Appx. 445, 449 (6th Cir. 2008) (unpublished) (citing *United States v. Bolden* 353 F.3d 870, 875 (10th Cir. 2003), and should be imposed only when necessary, such as when government counsel is the only person from whom relevant and necessary testimony related to the defendant's defense can be elicited. *Id.*; *United States v. Watson*, 952 F.2d 982, 986 (8th Cir. 1991) ("The party seeking such testimony must demonstrate that the evidence is vital to his case, and that his inability to present the same or similar facts from another source creates a compelling need for the testimony.")

The Court finds that Keller has not met his burden to show that Feller's testimony is necessary to Keller's defense. Keller has not demonstrated that Feller's testimony is necessary to his defense. Keller's argument for the necessity of Fuller's testimony is that it will bolster Keller's defenses of entrapment and/or manufactured jurisdiction, *i.e.,* Feller's testimony will be necessary to call into question the government's motivation for creating the murder for hire crime. Def. Mot. to Disqualify, ¶ 7.

Assuming Keller will be entitled to an instruction on entrapment or that the Court will rule on his defense of manufactured jurisdiction, both of which the government dispute,

3

Feller's singular testimony would not be necessary for these defenses. This is because any evidence Keller could possibly wish to elicit from any witness that would be vital to his defense can be elicited from Agent Nether. Agent Nether, the undercover ATF agent who developed a relationship with Keller lasting at least two years, would have participated in every relevant conversation with Feller regarding the sting operation, and was ultimately responsible for executing the specifics of the sting. Nether has personal knowledge of, and will be able to testify about, Keller's predisposition to commit the murder for hire, and the government's alleged inducement of him to do so, both of which are the only relevant issues for a claim of entrapment. *See Mathews v. United States*, 485 U.S. 58, 63 (1988) (setting forth elements of entrapment). Additionally, Agent Nether will be able to testify about all relevant facts related to Keller's manufactured jurisdiction defense.

The motivations or opinions of Feller in preparing and prosecuting the case are irrelevant to the actual facts of the investigation. Thus, anything about which Feller could testify, and which Agent Nether could not, such as Feller's personal motivations in indicting and prosecuting Keller, are irrelevant. "In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (internal quotation omitted). There was certainly probable cause that Keller agreed to commit a murder-for hire in this case. The grand jury found as much when it returned its indictment on the charge.

Keller disagrees and argues Feller's motivations are acutely necessary in this case. Keller submits that the evidence will show that Keller was not inclined or predisposed to do commit the murder for hire, and his ability to demonstrate the absence of intent and

4

predisposition depends on his ability to demonstrate that the undercover agent did not take seriously his prior statements about committing murder for hire. To do that, Keller must show why the government "cooked up" the murder for hire sting, and Feller is the only one who can testify to that. The Court disagrees. Whether Keller was predisposed or not will depend only on Keller's own statements and actions, about which Nether will be able to competently testify, and the factual development of any alleged government inducement, about which Agent Nether will also be able to testify competently. Indeed Agent Nether is the *only* person who can testify about whether he took Keller's statements seriously. Feller can shed no light on whether Agent Nether took Keller's statements seriously.

Keller relies on dicta in *United States v. Barge*, 990 F.2d 244 (6th Cir. 1992), for the proposition that motivations of Feller will be necessary in this case. Though the court in *Barge* upheld the trial court's decision not to admit certain evidence about motivations of the government agents, it said, "[i]nsofar as evidence of the government's motives may cast doubt on the credibility of evidence or testimony presented by the government, it is certainly relevant to the defendant's case." *Id.* at 249. As stated at the hearing in this matter, the Court does not see how testimony about Feller's personal motivations in charging Keller could cast any doubt on the credibility of evidence presented by the government. Evidence presented by the government regarding the murder for hire charge, and especially Keller's intent to commit the offense, will likely be in the form of Keller's own prior statements and actions, all of which can be presented by Agent Nether and backed up by audio and visual recordings. Any possible testimony by Feller which would cast doubt on these objectively verifiable statements and actions is difficult to imagine and will certainly not warrant disqualification.

5

Keller's second argument is that Feller's continued prosecution of this case would be inappropriate because due to his unique personal knowledge about the facts of this case, he will be unable to give an opening statement, question witnesses, or make a final argument without assuming the role of a witness, and thereby improperly buttressing the Government's position. Def. Br. at 5. The Court does not agree. A prosecutor gains personal knowledge of the proofs in any case he is handling be it through investigative updates, witness preparation, or plea negotiations. If such knowledge required disqualification, no prosecutor could properly bring *any* case, particularly a case where the prosecuting attorney was involved in proactive investigations. This would be an absurd result. Rather, the prosecutor has a duty not to inject himself into the proceedings and if he or she does, the impropriety may be remedied by the trial court, or if not remedial by the trial court, then by a mistrial or by appeal. The Court will not *ex ante* disqualify Feller for mistakes at trial which Keller *thinks* Feller might make. If Feller unduly injects himself at trial by referring to personal knowledge, the Court will take the appropriate remedial action at that time.

**WHEREFORE**, it is hereby **ORDERED** that Defendant Keller's Motion to Disqualify Assistant United States Attorney Leonid Feller (docket no. 26) is **DENIED.**

**SO ORDERED.**

      s/Stephen J. Murphy, III
      STEPHEN J. MURPHY, III
      United States District Judge

Dated: December 9, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 9, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager