UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

MICHAEL KELLER,

    Defendant/Petitioner.
    _____/

Criminal Case No. 2:09-cr-20303
Civil Case No. 2:13-cv-11793

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE MONA K. MAJZOUB

**OPINION AND ORDER DENYING MOTION TO ALTER
OR AMEND JUDGMENT [122] AND DENYING MOTION
TO GRANT § 2255 MOTION AND APPOINT COUNSEL [123]**

    Petitioner Michael Keller, confined at the Milan Federal Corrections Institute in Milan, Michigan, moves to alter or set aside the Court's order adopting the magistrate judge's report and recommendation ("Report") and denying his motion for relief under 28 U.S.C. § 2255. *See* ECF 117. He also requests that the Court appoint counsel and grant his § 2255 motion in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). For the following reasons, the Court will deny the motions.

**DISCUSSION**

I.   <u>Motion to Alter or Amend Judgment [122]</u>

    The thrust of Keller's argument is that he should be granted relief because he filed timely objections to the Report that were never delivered to the Court. The Report was issued and mailed to Keller on April 13, 2015. ECF 116. Keller claims he did not receive the Report until April 22, 2015, and mailed his objections to the Court and the prosecutor on May 2, 2015. ECF 122, PgID 1044–45. As evidence of this, he filed a document dated May 2, 2015 and titled "Report and Recommendation Objections." *See* ECF 121. But these

objections were not entered on the docket until February 12, 2016, the same day the instant motion was filed.

Assuming Keller mailed his objections on May 2, 2015, the objections would have been untimely. Under 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure Rule 6(d) and 72(b)(1)(2), Keller had 17 days to file objections after a copy of the Report was served by mail on April 13, 2015. Applying the prisoner mailbox rule, Keller had to place his objections into the prison's internal mailing system by April 30, 2015. *See* Rule 3(d) of the Rules Governing Section 2255 Cases in the United States District Courts; *Houston v. Lack*, 487 U.S. 266, 273 (1988). Keller's May 2, 2015 mailing was therefore untimely.

But even if Keller mailed his objections on time and the Court received them, the Court would still deny relief, because his arguments lack merit. In his first objection, Keller argues that the magistrate judge wrongly denied his ineffective assistance of counsel claim regarding counsel's failure to contest the alleged breach of his plea agreement. ECF 121, PgID 1037–39. Keller's objection is without merit, because he failed to show that his counsel's performance fell below objective standard of reasonableness and that, but for counsel's error, the outcome would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). If counsel had objected to the Government's breach of the Rule 11 during the sentencing, there is no indication that the Court would have sentenced Keller to a different term of imprisonment. Indeed, the final 168-month sentence conformed with the eventual "agreed range" of a sentence between 135 and 168 months.

In his second objection, Keller contends that the magistrate judge wrongly decided that Keller waived his right to challenge the sentencing guidelines calculation in his plea agreement. ECF 121, PgID 1039–40. Specifically, Keller cites to an October 14, 2014

2

memorandum from the Department of Justice instructing federal prosecutors to "no longer enforce previously executed waivers of claims of ineffective assistance of counsel." *Id.* Keller, like some other prisoners, "appears to believe that the Department of Justice policy statement has an impact on his § 2255 case and somehow nullifies the Magistrate's recommendations regarding his ineffective assistance of counsel claims." *United States v. Terry*, No. 611CR36GFVTHAI9, 2016 WL 1032809, at *2 (E.D. Ky. Mar. 15, 2016). But Keller misunderstands the nature of the memorandum and the magistrate's Report. Pursuant to his plea agreement—and as the Sixth Circuit found when it denied his appeal—Keller waived the right to appeal his conviction and sentence. ECF 60, PgID 653; *United States v. Keller*, 665 F.3d 711, 715–19 (6th Cir. 2011). And in any event, "the Department of Justice policy statement . . . is not binding on judges but instead serves as a guide for federal prosecutors." *Terry*, No. 611CR36GFVTHAI9, 2016 WL 1032809, at *2. Here, the magistrate judge properly considered Keller's ineffective assistance of counsel claims. The Court will not reject her Report based on a Department of Justice memorandum that is not binding on the Court. Thus, had the Court considered Keller's objections, both would have been overruled.

II. <u>Motion to Grant § 2255 and Appoint Counsel [123]</u>

Keller also requests that the Court appoint counsel to contest the constitutionality of his prison sentence in light of the United States Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). Specifically, he argues that *Johnson* renders unconstitutional several of the enhancements the Court applied to his sentence under 28 U.S.C. §§ 2K2.1(b)(1)(B), 2K1.3, and 2K2.1(b)(6). Those enhancements, he argues, are void because they "fall under the

3

'residual clause' of the guidelines," and require re-sentencing. ECF 123, PgID 1052–53.

As an initial matter, the Court need not address Keller's arguments, because his original § 2255 motion was denied, and he has not filed a successive motion asserting the new argument. In any event, the argument is without merit. In *Johnson*, the Supreme Court held that the imposition of an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates due process because the clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. And in *Welch*, the Court held that *Johnson* applied retroactively on collateral review. 136 S. Ct. at 1265. In *Beckles v. United States*, however, the Court held that the United States Sentencing Guidelines are "not amenable to a vagueness challenge." 137 S. Ct. 886, 894 (2017). Accordingly, Keller's vagueness challenge to his sentencing enhancements is without merit, and there is no reason to appoint counsel to re-assert it.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Keller's Motions to Alter or Amend Judgment [122] and Grant § 2255 Motion and Appoint Counsel [123] are **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**, and Keller is **DENIED** leave to appeal in forma pauperis, because an appeal from this order could not be taken in good faith.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 11, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 11, 2017, by electronic and/or ordinary mail.

                                    s/David P. Parker
                                    Case Manager